FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 NOV 28  A 9:58

CLERK _____
U.S. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FLOYD A. ARNOLD,

    Plaintiff,

vs.

JAMES DONALD; FRED BROWN;
TODD THOMAS; PEGGY COOPER;
DEBORAH MOORE, and RICK TATUM,

    Defendants.

CIVIL ACTION NO. CV505-010

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Wilcox State Prison in Abbeville, Georgia, filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement while he was incarcerated at the Coffee Correctional Facility in Nicholls, Georgia. The undersigned initially recommended that Plaintiff's Complaint, as amended, be dismissed for failure to state a claim upon which relief could be granted. Plaintiff filed Objections to the undersigned's Report. Based on Plaintiff's Objections, the Honorable William T. Moore, Jr., rejected the undersigned's Report and allowed service of Plaintiff's Complaint on several Defendants, including Defendants Donald and Brown. Defendants Donald and Brown have now filed a Motion to Dismiss, and Plaintiff has responded. For the reasons which follow, the Motion to Dismiss filed by Defendants Donald and Brown should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that prison officials at Coffee Correctional Facility were deliberately indifferent to his serious medical needs. Plaintiff contends that his medical evaluations revealed that he has a serious medical condition, but prison officials denied him adequate medical care by not allowing him to be seen by a specialist.

Defendant Donald, the Commissioner of the Georgia Department of Corrections, and Defendant Brown, the Georgia Department of Corrections' State Contract Manager, assert that Plaintiff fails to make any specific allegations of deliberate indifference against either of them. As a result, Defendants Donald and Brown aver that Plaintiff's claims against them should be dismissed.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed.2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed.2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North

2

Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed.2d 652 (1972) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

### DISCUSSION AND CITATION OF AUTHORITY

Defendants Donald and Brown allege that a review of Plaintiff's Complaint, as well as his Objections to the undersigned's Report and Recommendation, reveals that Plaintiff fails to make any specific allegations against them for alleged deliberate indifference to Plaintiff's serious medical needs. Counsel for Defendants Donald and Brown asserts that a review of Plaintiff's Complaint and his Objections reveals that Plaintiff only names these two individuals as Defendants in this case. Defendants Donald and Brown allege that Plaintiff cannot hold them liable based on their supervisory positions, and thus, Plaintiff's claims against them should be dismissed.

In his Response, Plaintiff contends that he wrote several letters to Defendant Brown. Plaintiff also contends that he did everything he could to notify Defendants Donald and Brown that his medical needs were not being met. Plaintiff further contends that these Defendants continued to show deliberate indifference to his medical needs by rejecting his grievances.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797,

AO 72A
(Rev. 8/82)

801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Plaintiff does not make any factual allegations against Defendants Donald or Brown in his Complaint or in his Objections to the undersigned's Report and Recommendation. It appears that Plaintiff seeks to hold these Defendants liable for the alleged violations of his constitutional rights based on their supervisory positions. Such a practice is not permitted in section 1983 actions. To the extent Plaintiff attempts to make factual allegations against Defendants Donald and Brown in his Response to the Motion to Dismiss, this attempt is unavailing. At most, Plaintiff contends that Defendants Donald and Brown were deliberately indifferent to his serious medical needs because they denied his grievances. This contention is without merit. See Pressley v. Beard, 2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on prison officials because officials failed to take corrective action following the plaintiff's unsuccessful grievance). In addition, in reviewing a Motion to Dismiss under FED. R. CIV. P. 12(b)(6), this Court is to look to Plaintiff's Complaint to determine whether he fails to state a claim upon

4

AO 72A
(Rev. 8/82)

which relief may be granted. Plaintiff cannot make new allegations against Defendants in his Response to their Motion to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion to Dismiss filed by Defendants Donald and Brown (Doc. No. 18) be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)